A. McLamore, Adm'r v. James Heffner, Adm'r.

The 140th section of the district court act, in reference to the service of a writ of error, reads as follows: "And if the party is a non-resident of the state or cannot be found, the citation may be served on the attorney of record." (Paschal's Dig., Art. 1495, Note 587, p. 371.) The fact to authorize service on the attorney must be averred in the petition. The mere fact that the defendant cannot be found is not enough.

ERROR from Panola. The case was tried before Hon. J. B. WILLIAMSON, one of the district judges.

*Drury Field,* for plaintiff in error, filed a brief upon the merits.

*A. W. De Berry,* on whom the service was had, moved to dismiss the writ of error, because the defendant in error had not been served.

MORRILL, C. J.—The citation to defendant in error directs the sheriff to summon the defendant in error, and, in case

he cannot be found in the county, then to summon A. W. De Berry, esq., his attorney of record. The citation was served on the attorney of record, and not on defendant in error. The petition contains no allegation of the non-residence of the defendant in the state.

The statute provides that, in case the defendant in error is a non-resident of the state or cannot be found, the citation may be served on the attorney of record. [Paschal's Dig., Art. 1495, Note 587.]

Before a citation can be served on an attorney of record, the petition therefor should disclose that the defendant is a non-resident or cannot be found. It is not non-residence of a particular county, or the fact that the defendant cannot be found in a particular county, that authorizes service on the attorney of record.

Agreeably to the principles established in the cases of Holloman v. Middleton, 23 Tex., 538, and cases there cited, the service in this case is bad, and does not give this court jurisdiction of the person of defendant in error; therefore the motion of defendant to dismiss the cause from the docket is

.GRANTED.